**IT IS ORDERED as set forth below:**



**Date: May 15, 2018**

_____
**James R. Sacca
U.S. Bankruptcy Court Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 7 |
| JOHN TRAVIS DAVIS, JR., and | ) | |
| DEBRA ANN DAVIS, | ) | Case No. 10-24836-JRS |
| | ) | |
| Debtors. | ) | |
| | ) | |
| JOHN TRAVIS DAVIS, JR., and | ) | |
| DEBRA ANN DAVIS, | ) | Contested Matter |
| | ) | |
| Movants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ALBERT F. NASUTI, Chapter 7 Trustee, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DENYING DEBTORS' MOTION TO RE-CLOSE CASE
AND DETERMINATION OF SETTLEMENT NOT PROPERTY
OF THE BANKRUPTCY ESTATE**

The issue in this matter is whether a claim arising from the pre-petition insertion of a pelvic

mesh sling is property of the estate if the Chapter 7 debtor did not discover the claim until after filing

for bankruptcy. This issue arose in the context of the Motion to Re-Close Case and Determination of Settlement Not Property of the Bankruptcy Estate (the "Motion") filed by the Debtors, John Travis Davis, Jr. and Debra Ann Davis, on January 30, 2018. [Doc. 25].

**Factual Background**

On or around July 2010, Mrs. Davis had pelvic surgery at which time a transvaginal mesh sling was inserted. Debtors then commenced this bankruptcy case on October 28, 2010 by filing a petition for Chapter 7 relief. Albert F. Nasuti was appointed and served as the Chapter 7 Trustee (the "Trustee"). On November 29, 2010, the Trustee filed a report of no distribution based on information available to him at that time. Subsequently on February 7, 2011, the Court discharged Debtors and closed the estate.

Mrs. Davis subsequently saw a television advertisement on or around July 13, 2011, which was issued by the Food and Drug Administration ("FDA") relating to a product liability, class action lawsuit against various manufacturers of the mesh slings (the "Manufacturers"). Mrs. Davis eventually had the mesh sling removed after the petition was filed. After receiving her discharge, Mrs. Davis contacted an attorney and joined a product liability action brought against the Manufacturers (the "Claim"). Debtors argue that Mrs. Davis did not have any knowledge of any potential problems associated with the mesh sling until at least July 13, 2011. The Trustee alleges that the FDA was issuing notices about the complications associated with the mesh slings as early as October 2008.

After the case was closed, the Trustee was notified that Mrs. Davis is entitled to one or more monetary awards in connection with a personal injury claim. On June 19, 2017, the United States Trustee filed the Motion to Reopen, whereby the United States Trustee requested that the bankruptcy case be reopened and that the United States Trustee be directed to appoint a trustee

2

who can investigate and, if appropriate, administer assets that are property of the estate, specifically the Claim. [Doc. 16]. On June 21, 2017, the Court entered an Order granting the Motion to Reopen. [Doc. 17]. The United States Trustee reappointed Albert F. Nasuti to serve as the Chapter 7 Trustee and he has since been serving in that capacity. [Doc. 19].

Debtors then filed this Motion to which the Trustee filed his Response and Objection to the Debtors' Motion (the "Objection") [Doc. 29] and supporting brief (the "Trustee's Brief") [Doc. 30]. The parties dispute whether the Claim is property of the bankruptcy estate, if the Trustee should be authorized to administer the Claim, or if the case should be closed. The Motion and the Trustee's Objection came on for a hearing on March 8, 2018. (the "Hearing"). The Court heard oral arguments from counsel for the Trustee and Debtors' counsel. The Court advised the parties it would make its ruling on April 26, 2018 and provided Debtors fourteen (14) days to provide additional authority on the issues, if they chose to do so, and provided the Trustee ten (10) days to reply to any additional submissions by Debtors. Neither party filed any additional pleadings following the Hearing. Subsequently, the Court issued its oral ruling on the Motion (the "Oral Ruling"). For the reasons stated on the record, and for the reasons stated herein, the Debtors' Motion will be denied.

## Discussion

Debtors contend that under Georgia's "discovery of harm rule" Mrs. Davis' cause of action did not accrue until she discovered, or in exercise of reasonable diligence, should have discovered not only that she had been injured but also that her injury may have been caused by the conduct of one of the Manufacturers. As such, Debtors argue that the cause of action accrued post-petition and is not property of the bankruptcy estate because Mrs. Davis did not discover her injuries until July 2011 when she saw the advertisement from the FDA.

3

Generally, 11 U.S.C. § 541 defines "property of the estate" broadly as "all legal or equitable interests of the debtor in property as of the commencement of the case." The estate also includes claims for injuries to a person and any post-petition settlement proceeds stemming from a prepetition cause of action. *See Bronner v. Gill (In re Bronner)*, 135 B.R. 645, 647 (B.A.P. 9th Cir. 1992); *see also Wischan v. Adler (Matter of Wischan)*, 77 F.3d 875, 877 (5th Cir. 1996).

Whether Georgia's discovery rule of harm applies in determining ownership of a claim for the purposes of the bankruptcy estate is an issue of first impression for the Northern District of Georgia. The Court has carefully reviewed *Johnson v. Alvarez* (*In re Alvarez),* 224 F.3d 1273 (11th Cir. 2000), *cert. denied, Alvarez v. Johnson,* 531 U.S. 1146 (2001), and *In re Webb*, 484 B.R. 501 (Bankr. M.D. Ga. 2012), both of which were cases cited in the Trustee's Brief. The Court also carefully considered *In re Purcell (nka Busby),* 573 B.R. 859 (Bankr. D. Kan. 2017), and *Mendelsohn v. Ross*, 251 F.Supp.3d 518 (E.D.N.Y. 2017), which were cases relied upon by Debtors. After carefully considering the stipulated material facts and all matters of record, including the Motion to Re-close, the Objection, and the Trustee's Brief, as well as the arguments proffered in open court at the Hearing, the Court agrees with the reasoning in *Webb,* a case that is factually similar to the case at bar, and *Alvarez.*

In *Webb,* the debtor had been taking a medicine prepetition that he later learned was allegedly causing congestive heart failure. The debtor claimed that he only found out about the potential injury after he saw a commercial after receiving his discharge. The trustee moved to reopen the case to administer settlement proceeds from the debtor's product liability claim. The bankruptcy court explained that the test to determine whether a cause of action is property of the bankruptcy estate is to look at whether all of the elements of the cause of action had occurred as of the time that the bankruptcy case commenced.

*In re Webb*, 484 B.R. at 504. After discussing *Alvarez*, the bankruptcy court went on to conclude that the product liability claim accrued prepetition and is estate property where "everything, except for knowledge of cause, occurred prepetition." *Id.* Ultimately, the bankruptcy court held that the discovery rule was inapplicable in determining whether the cause of action was property of the estate.

The Eleventh Circuit in *Alvarez* refused to tie the issue of ownership of a cause of action to the commencement of the statute of limitations for such action. 224 F.3d at 1276, 1279 (holding that under state law the interest was property of the estate, and even under federal law the claim was "even more firmly 'rooted in the pre-bankruptcy past'"). The debtor in *Alvarez* argued that because a cause of action accrues when the last element of such action occurs, the debtor's professional malpractice claim did not accrue until the discovery of the negligence. *Id.* at 1276. Nevertheless, the Eleventh Circuit noted that the time of the discovery of the injury was not relevant because "a cause of action can accrue for ownership purposes in a bankruptcy proceeding before the statute of limitations begins to run." *Id.* at 1276 n.7 (quoting *State Farm Life Ins. Co. v. Swift (In re Swift)*, 129 F.3d 792, 798 (5th Cir. 1997)). Rather, the relevant question is "whether all of the elements of the cause of action had occurred as of the time that the bankruptcy case was commenced." *In re Webb*, 484 B.R. at 504 (quoting *Wooten v. Altamaha Bank & Trust,* No. Civ.A. CV 203-100, 2005 WL 2459095, at *2 (S.D. Ga. Oct. 4, 2005)).

This Court finds that, for the purposes of ownership of the claim, the elements of Mrs. Davis' cause of action occurred prepetition. *See id.* With respect to personal injuries, under Georgia law "the right of action accrues to the plaintiff as of the instant the injuries are inflicted." *Burns v. Brickle*, 106 Ga. App. 150, 153 (1962). Here, the insertion of Mrs. Davis' mesh sling is the basis for the Claim. While Mrs. Davis allegedly discovered the injury post-petition, such a

5

fact only pertains to the inquiry for the purposes of the statute of limitations. For the purposes of ownership in the bankruptcy case, the requisite elements for the Claim occurred prepetition. Specifically, the relevant surgery, when the mesh sling was inserted, occurred in July 2010. The bankruptcy petition was later filed in October of 2010. The placement of the mesh sling led directly to the accrual of Mrs. Davis' Claim. Just as in *Webb*, everything except the knowledge of the cause of action occurred prepetition. As such, the Claim is property of the estate because the elements occurred prepetition and it is sufficiently rooted in prepetition events.

## Conclusion

Accordingly, after considering all relevant matters of record, and for the aforementioned reasons and the reasons stated on the record at the Oral Ruling, it is hereby

**ORDERED** that the Claim is property of the bankruptcy estate and, as such, Debtors' Motion is **DENIED**; and it is

**FURTHER ORDERED** that this ruling is without prejudice to Debtors amending their Schedule C: Property Claimed as Exempt, to schedule Mrs. Davis' exemption in the Claim as allowed by law, subject to objection by the Trustee or any creditor or party in interest.

**[END OF DOCUMENT]**

**Distribution List**

Barbara Ann Cole
Barbara Cole, Attorney at Law, LLC
380 Green Street, NE
Gainesville, Georgia 30501

John Travis Davis, Jr.
Debra Ann Davis
P.O. Box 866
Hiawassee, Georgia 30546

Joe A Pitts
Pitts Law Office
1088 Welcome Home Rd
Mt Airy, Georgia 30563

Albert F. Nasuti
Thompson, Obrien, Kemp & Nasuti, P.C.
40 Technology Parkway South
Suite 300
Peachtree Corners, Georgia 30092

R. Jeneane Treace
Office of the U.S. Trustee
362 Richard B. Russell Bldg.
75 Ted Turner Drive, S.W.
Atlanta, Georgia 30303